```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
WILLIAM MORSE

                    Plaintiff,                    08-CV-6231

        v.                                        DECISION
                                                  and ORDER
THE COUNTY OF SENECA, LEO T. CONNOLLY,
JAMES R. LARSON, BURL OSBOURNE,
RICHARD SWINEHART, JAMES SINICROPI,
FINGERLAKES1.COM, INC., and TIMEWARNER
CABLE, INC.,
                    Defendants.
_____
```

**INTRODUCTION**

Plaintiff William Morse ("Morse" and/or "plaintiff") brings this action pursuant to 42 U.S.C. §1983 against The County of Seneca ("Seneca County"), Leo T. Connolly ("Connolly"), James R. Larson ("Larson"), Burl Osbourne ("Osbourne"), Richard Swinehart, the Seneca County District Attorney ("Swinehart"), James Sinicropi ("Sinicropi"), FingerLakes1.com, Inc. and TimeWarner Cable, Inc. ("TWC")[1] claiming that his civil rights were violated in connection with the retaliation he experienced for the public criticism of defendants. Specifically, plaintiff alleges six separate causes of action including: (1) First Amendment Retaliation ("First Cause of Action"); (2) Malicious Abuse of Process ("Second Cause of Action"); (3) Conspiracy claim under 42 U.S.C. §1985 ("Third Cause of Action"); (4) Electronics Communication Privacy Act ("ECPA") claim pursuant to 18 U.S.C. §2701 et seq. ("Fourth Cause of Action"); (5) violation of the Cable Communications Privacy Act under 47 U.S.C. §551 et

---

[1] On March 25, 2009 the Court "So Ordered" a "Stipulation of Dismissal" provided by the parties pursuant to Fed.R.Civ.P. 41(a)(1) dismissing with prejudice all claims asserted against Time Warner Cable, Inc.

seq. ("Fifth Cause of Action"); and intentional infliction of emotional distress ("Sixth Cause of Action").

Plaintiff seeks injunctive relief, compensatory damages, punitive damages and attorney's fees and costs for the deprivation of his civil rights. Several defendants filed a total of four motions to dismiss requesting various relief. Larson, Connolly and Swinehart move to dismiss plaintiff's Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(6), alleging that plaintiff has failed to state a claim upon which relief may be granted and that they are entitled to a dismissal as a matter of law. Moreover, Swinehart claims that the Complaint must be dismissed as to him based on the doctrine of absolute immunity. Further, Larson argues that the doctrine of qualified immunity applies to him and on this alternative basis the Complaint should be dismissed as to him. Defendants Seneca County and Osbourne move to dismiss the First, Third and Fifth Causes of Action.

Defendants brought similar motions on behalf of the same defendants in an action entitled Lukowski v. County of Seneca et al., 08-CV-6098. On February 24, 2009, prior to the time when plaintiff's opposition to defendants' motions to dismiss in this present case was due, the Court issued its Decision and Order on the Lukowski v. County of Seneca et al. case. See Lukowski v. County of Seneca, 2009 WL 467075 (W.D.N.Y. February 24, 2009) ("Lukowski Decision"). On February 27, 2009, plaintiff submitted opposition papers to defendants' motions stating that "[b]oth the Complaint in Lukowski and the Complaint in Morse involve the same essential wrong doing on the part of the Defendants as alleged, and the causes of action, with certain exceptions, are similarly worded in each

Complaint." See Pl. Opp. Br. at 1.[2] Based on the Lukowski Decision, plaintiff acknowledges that this Court will render a similar decision in this case. Accordingly, plaintiff in essence concedes the dismissal with prejudice of the First Cause of Action for First Amendment Retaliation; Third Cause of Action for Conspiracy under 42 U.S.C. §1985[3] and Fifth Cause of Action alleging a violation of the Cable Communications Privacy Act. See id. at 2.[4]

Plaintiff, however argues that the Second Cause of Action, Fourth Cause of Action and Sixth Cause of Action and the claim of absolute immunity asserted by Swinehart should survive. See id. In reply to plaintiff's opposition, defendant Swinehart requests that the Court convert his motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The remaining defendants, Larson, Connolly, Seneca County and Osbourne submitted reply

---

[2] A comparison of both the Lukowski and Morse Complaints reflects that essentially the wording in the First Cause of Action, the Second Cause of Action, the Third Cause of Action and the Fifth Cause of Action are the same. The Fourth Cause of Action differ on both Complaints in that Morse has not named as party defendants Seneca County or its employees and addresses the Complaint only against Fingerlakes1.com, Inc. and TWC. The Sixth Cause of Action in Morse's Complaint is an additional claim not found in the Lukowski Complaint.

[3] Plaintiff also concedes that with respect to its 42 U.S.C. § 1985 claim, "it obviously is in error and should have been alleged as Section 1983." See Pl. opp. Br. at 3. Plaintiff now "requests the Court to permit the appropriate filing of a motion and proposed amended complaint under Rule 15 of the Federal Ruled of Civil Procedure." See id. Plaintiff's failure to file a formal motion for leave to amend under Rule 15 is not fatal to his request. See McLaughlin v. Anderson, 962 F.2d 187, 195 (2d Cir.1992) (noting that where plaintiff has made its desire to amend clear, the lack of a formal motion does not require the district court to deny leave to amend); see also O'Hara v. Weeks Marine, Inc., 294 F.3d 55, 68 n.6 (2d Cir.2002) (same). Further, the decision to grant or deny a motion to amend is within the sound discretion of the district court. See Foman v. Davis, 371 U.S. 178, 182 (1962). Here, plaintiff has not provided the Court with a proposed First Amended Complaint, nor has he attempted in his opposition to submit the necessary factual amendments in the form of sworn affidavits in order to bolster his argument and demonstrate a factual basis for alleging a conspiracy claim under §1983. Accordingly, the Court has insufficient information to decide the motion to amend. Thus, plaintiffs' motion to amend the conspiracy claim to U.S.C. § 1983 is denied without prejudice. Plaintiff may file a formal motion to amend with a proposed Amended Complaint pursuant to Fed.R.Civ.P. 15(a).

[4] Based on this, the motion to dismiss by Seneca County and Osbourne is granted in its entirety.

papers in support of their motions to dismiss pursuant to Rule 12(b)(6) failure to state a claim.

For the reasons set forth below, defendants' motions to dismiss are granted and Swinehart's motion for summary judgment is granted.

## BACKGROUND

Plaintiff alleges that he frequently posted anonymous comments on a local website known as Fingerlakes1.com that maintained a community forum. See Compl. ¶13. Plaintiff's comments on the website were often critical of defendants Connolly and Larson. See id., ¶14. He alleges that Connolly and Larson wrongfully obtained information from Fingerlakes1.com and TWC that allowed them to reveal the identity of the plaintiff and the anonymous comments that he had made. See id., ¶17. Moreover, plaintiff contends that Connolly and Larson started a campaign of retaliation against plaintiff for his public criticism, which allegedly included having deputies follow him. See id., ¶25. In addition, plaintiff claims that Osbourne intentionally served plaintiff with eviction papers at the wrong address resulting in his eviction from his residence. See id., ¶¶ 26-28.

## DISCUSSION

**I.  Standards for Summary Judgment and Motion to Dismiss**

**A.  Defendants' Motions to Dismiss**

In reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See Cleveland

v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir.2006); Nechis v. Oxford Health Plans, Inc., 421 F.3d 96, 100 (2d Cir.2005). The plaintiff must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." See Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ----, 127 S.Ct. 1955, 1969 (2007). The Court does not, therefore, require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." See id. at 1974. In order to state a claim, the factual allegations contained in the complaint "must be enough to raise a right to relief above the speculative level." See id. at 1965. Where a plaintiff "ha[s] not nudged [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." See id. at 1974.

Further, in reviewing a motion to dismiss under Rule 12(b)(6), "the district court is normally required to look only to the allegations on the face of the complaint." See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir.2007). The Court may only consider a document not appended to the complaint if the document is "incorporated in [the complaint] by reference" or is a document "upon which [the complaint] solely relies and ... is integral to the complaint." See id. (quoting Cortec Indus., Inc.

v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir.1991) (emphases in original)).[5]

### B. Swinehart's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. See Scott v. Harris, 550 U.S. 372, ___; 127 S.Ct. 1769, 1776 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. See Scott, 550 U.S. at ___; 127 S.Ct. at 1776 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587.

### II. Second Cause of Action - Malicious Abuse of Process

An action for malicious abuse of process under New York law will lie against a defendant who "(1) employs regularly issued legal process to compel performance or forbearance of some act; (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral

---

[5] Courts also "'routinely take judicial notice of documents filed in other courts ... not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings.'" See Crews v. County of Nassau, 2007 WL 316568 at *2, n. 2 (E.D.N.Y. 2007) (quoting Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir.1991)).

objective that is outside the legitimate ends of the process." See Lukowski, 2009 WL 467075 at 8 (citations omitted).

### A. Claims against Defendants Connolly and Larson

The Complaint states as follows:

> 20. Upon further information and belief...Defendants Connolly and Larson approached Defendant Swinehart and requested he issue subpoenas to various internet providers...to determine the identities of individuals who had posted negative and critical comments concerning them on Fingerlakes1.com....
> 21. Upon information and belief, Defendant Swinehart issued a series of illegal subpoenas to...[TWC] among others.
> 22. Upon information and belief, ... Swinehart knew or should have known of Connolly and Larson's illegal motives in requesting the information yet still issued and served illegal subpoenas to obtain the identity of the Plaintiff among others.
> 23. Upon information and belief, [TWC], upon receipt of the subpoena issued by Defendant Swinehart, without proper notification to the Plaintiff, disclosed Plaintiff's identity along with the identities of others to Defendant Swinehart.

See Complaint, ¶¶ 20-23. Initially, the Complaint fails to allege that either Connolly or Larson actually issued subpoenas. Rather, the Complaint alleges that Connolly and Larson requested that Swinehart issue the subject subpoenas. In fact, paragraph 21 states that Swinehart issued a series of illegal subpoenas but it makes no allegations that either Connolly or Larson issued subpoenas or that they had authority to issue subpoenas. Accordingly, the alleged "request" to issue the subpoenas from Connolly and Larson to Swinehart and not the "actual" issuance is the focus of the inquiry in the abuse of process claim. Both Connolly and Larson argue that the "request" does not constitute "legal process to compel performance or forbearance of some act" and as such no action

should lie against Connolly and Larson. See Larson Reply Br. at 3-4; Connolly Reply Br. at 3.

Moreover, Connolly argues that as Sheriff of Seneca County, he did not have the authority to issue subpoenas since CPL § 610.20 states that subpoenas may only be issued by a criminal court, a district attorney, or a criminal defense attorney.[6] See Connolly Reply Br. at 3. Likewise, Larson contends that as Undersheriff, he was not authorized to issue criminal subpoenas under CPL § 610.20. See Larson Reply Br. at 4. Accordingly, both defendants argue that plaintiff failed to state a claim for abuse of process because the Complaint does not allege facts, which if true, satisfy the first element of a malicious abuse of process as set forth above. This Court agrees. The CPL does not authorize police officers, Sheriffs or Undersheriffs to issue subpoenas. Thus, Connolly as Sheriff and Larson as Undersheriff were not authorized to issue the subpoenas to plaintiff and could not have abused the legal "process" as alleged.

In addition, Connolly and Larson's alleged "request" to Swinehart does not constitute "legal process to compel performance or forbearance of some act" because such a "request" is voluntary or optional and does not direct or compel any action. Accordingly, it is not "legal process." See Susser v. Fried, 115 Misc.2d 968, 970 (N.Y.City Civ.Ct.,1982)

---

[6]CPL § 610.20 states:
1. Any criminal court may issue a subpoena for the attendance of a witness in any criminal action or proceeding in such court.
2. A district attorney, or other prosecutor where appropriate, as an officer of a criminal court in which he is conducting the prosecution of a criminal action or proceeding, may issue a subpoena of such court...
3. An attorney for a defendant in a criminal action or proceeding, as an officer of a criminal court, may issue a subpoena of such court...

(Process is a "'direction or demand that the person to whom it is directed has to perform or refrain from the doing of some prescribed act'") (citations omitted); Wise v. Consol.Edison Co. of N.Y., 282 A.D.2d 335, 336 (1st Dept.2001) ("Plaintiff's claim for abuse of process...for procuring two confidentiality stipulations was properly dismissed, since voluntary agreements do not constitute "process" within the meaning of the tort.") (citations omitted). Here, the facts as alleged in the Complaint was that Connolly and Larson "requested [that Swinehart" issue subpoenas to various internet providers[.]" See Comp., ¶20. This alleged "request" to Swinehart was not "process because it did not direct or compel Swinehart to issue the subpoenas. Therefore, the Second Cause of Action (abuse of process claim) is dismissed with prejudice as to Connolly and Larson.

**B. Defendant Swinehart**

As mentioned above, Swinehart requests that the Court convert the motion to dismiss into a motion for summary judgment under Rule 56. In support of its motion for summary judgment, Swinehart submits an affidavit. Plaintiff has not opposed Swinehart's request and accordingly, Swinehart's Rule 12(b)(6) motion to dismiss is converted into a Rule 56 summary judgment motion.

Swinehart argues that Morse asserts the exact same claims raised by plaintiffs in the Lukowski case. See David Rothenberg Affidavit ("Rothenberg Aff."), ¶7. Swinehart further contends that in the Lukowski Decision, this Court relied on those plaintiffs' allegations that defendants had issued a series of allegedly illegal subpoenas as the

"lynchpin for holding together plaintiffs' complaint" and denying the motions to dismiss. See id. ¶8. Swinehart further states that a key allegation relied upon by this Court in denying the motions to dismiss was the fact that Swinehart had issued a series of allegedly "illegal subpoenas" to various internet providers. See id.[7] Accordingly, Swinehart argues that to the extent that Morse makes the same claims as the Lukowski plaintiffs and seeks to rely on this Court's ruling in Lukowski, plaintiff relies on the same key allegations concerning illegal subpoenas. See id., ¶11. Significantly, Swinehart states that "the difference between the two cases...is that no subpoenas were issued with respect to plaintiff Morse." See id., ¶12. (emphasis added).

Swinehart's affidavit specifically states that he did not "ever issue a subpoena to [TWC], or any other internet service provider, seeking personal information relating to the plaintiff." See Richard Swinehart Affidavit ("Swinehart Aff."), ¶6. In addition, at no time did any internet service provider disclose anything to him regarding plaintiff's identity. See id., ¶7. Swinehart further argues that all the above facts are known to plaintiff's counsel. See Rothenberg Aff., ¶15. Indeed, Swinehart states that "[u]pon information and belief, plaintiff's attorney has spoken to an attorney for [TWC],...and that attorney has indicated that he could find no indication that a subpoena was ever

---

[7] As it relates to the Lukowski plaintiffs' claim of malicious abuse of process, the Court found that: "plaintiffs have alleged that defendants used the subpoena for anything other than obtaining testimony and documents from plaintiffs, which are the purposes for which a subpoena is used. Accordingly, these are "collateral objectives" outside the legitimate ends of the process." See Lukowski, 2009 WL 467075 at 8.

served on [TWC] for information relating to the plaintiff." See id. In response to Swinehart's arguments, plaintiff submitted an affidavit, which in essence does not dispute Swinehart's contentions. See William Morse Affidavit ("Morse Aff."), generally. Plaintiff states that he has "no personal involvement as to whether subpoenas were issued or not issued by the District Attorney's Office or whether pressure was brought to bear on internet providers to voluntarily supply the information or website managers like Fingerlakes1.com to disclose the information to the District Attorney's Office." See id., ¶8. In this regard, plaintiff argues that there are issues of fact present that require further discovery. See id., ¶9.

The threshold question that must be resolved prior to ruling on Swinehart's motion is whether summary judgment would be appropriate in light of plaintiff's desire for further discovery. Pursuant to Fed.R.Civ.P. 56(f), "[s]hould it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just." Under Rule 56(f), the party opposing the motion for summary judgment must explain, by affidavit, "(1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." See Meloff v. New

York Life Ins. Co., 51 F.3d 372, 375 (2d Cir.1995) (citing Hudson River Sloop Clearwater v. Dept. of Navy, 891 F.2d 414, 422 (2d Cir.1989)).

"[D]enial of access to relevant information weighs in favor of the party opposing a motion for summary judgment." See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 925 (2d Cir.1985). "The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment." See Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir.1989) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)). "The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." See Trebor, at 511 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 n. 5 (1986)). Nonetheless, "the trial court may properly deny...discovery if the nonmoving party has had...adequate opportunity for discovery." See Trebor, at 511.

Plaintiff claims that summary judgment is premature and as such Swinehart's motion should not be granted. However, as noted above, the relevant facts have been established by the sworn statements of Richard Swinehart demonstrating that no subpoena relating to Morse was ever issued to any internet service provider seeking plaintiff's personal information. Significantly, Swinehart himself states that this case is different from Lukowski in that no subpoenas were issued with respect to Morse. In addition, Swinehart states upon information and belief and plaintiff does not dispute that his own attorney has spoken to an attorney for TWC and that TWC's attorney has noted that he could not find

any indication that a subpoena was ever served on TWC for information concerning the plaintiff. Summary judgment is not to be denied when a party fails to come forward with even a shred of evidence that indicates that further inquiry is appropriate. See Trebor, 865 F.2d at 512. While the nonmoving party is entitled to have an opportunity to "discover information that is essential to his opposition," id. at 511, a court is not required to allow further discovery where there is no indication that such discovery would yield anything fruitful. See id. at 512. Accordingly, Swinehart's motion for summary judgment is granted and plaintiff's Second Cause of Action is dismissed with prejudice.

### III. Sixth Cause of Action - Intentional Infliction of Emotional Distress

Under New York Law, the tort of intentional infliction of emotional distress requires proof of four elements: (1) extreme and outrageous conduct; (2) intent to cause severe emotional distress; (3) causal connection between the conduct and the injury; and (4) severe emotional distress. See Hargett v. Metropolitan Transit Authority, 552 F.Supp.2d 393, 401 (S.D.N.Y.2008) (citing Murphy v. Am. Home Prods. Corp., 58 N.Y.2d 293, 303 (1983); Howell v. New York Post Co., Inc., 81 N.Y.2d 115, 121 (1993), Bender v. City of New York, 78 F.3d 787, 789 (2d Cir.1996); see also James v. DeGrandis, 138 F.Supp.2d 402, 421 (W.D.N.Y.2001), Nunez v. A-T Financial Information, Inc., 957 F.Supp. 438, 442 (S.D.N.Y.1997). Courts have relied on the outrageousness element to set reasonable bounds on this potentially limitless tort and have required that plaintiff allege conduct "so outrageous in character, and so extreme in degree, as

to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." See Murphy, 58 N.Y.2d at 303; accord Freihofer v. Hearst Corp., 65 N.Y.2d 135, 143 (1985).

This Court finds that because the bar is set so high for plaintiffs to successfully plead facts sufficient to comprise intentional infliction of emotional distress, and plaintiff has not overcome that legal barrier, the motions to dismiss in favor of Larson, Connolly and Swinehart are granted dismissing the Sixth Cause of Action. See Ortega v. New York City Off-Track Betting Corp., 1999 WL 342353 at *9 (S.D.N.Y.1999) ("New York sets a high threshold for conduct that is 'extreme and outrageous' enough to constitute intentional infliction of emotional distress." (citing Murphy, 58 N.Y.2d at 303). The types of conduct that have been held to be sufficient to meet this high threshold have generally involved direct and constant sexual or other physical threats. See, e.g., Nunez, 957 F.Supp. at 441-43 (New York Courts that have allowed claims of intentional infliction of emotional distress to proceed require that there be an "unrelenting campaign of day in, day out harassment or that the harassment was accompanied by physical threats"); Persaud v. Axelrod, 1996 WL 11197 at *1-4 (S.D.N.Y. 1996).

The conduct alleged here is that defendants, including Larson, Connolly and Swinehart "engaged in extreme and outrageous conduct in conducting a campaign of systematic harassment of the Plaintiff" with the "intent to cause or in disregard of the probability that the conduct would cause severe emotional distress[.]" See Compl., ¶¶66-67. These

allegations are, on their face, insufficient to support a claim that defendants' acts were so outrageous as to be considered beyond all possible bounds of common decency. Accordingly, I hold that defendant Larson, Connolly and Swinehart's conduct as alleged by plaintiff does not rise to the level of outrageousness required by controlling case law. The behavior complained of does not rise to the level of atrocity that this claim requires. Thus, plaintiff's claim for intentional infliction of emotional distress cannot survive a Rule 12(b)(6) motion to dismiss. See Riscili v. Gibson Guitar Corp., 2007 WL 2005555 at * 4-5 (S.D.N.Y. 2007).

In addition, "New York courts appear to require that plaintiffs allege either an unrelenting campaign of day in, day out harassment or that the harassment was accompanied by physical threats, in order to state a cognizable claim for intentional infliction of emotional distress." See Nunez v. A-T Fin. Info., 957 F.Supp.438, 442 (S.D.N.Y.1997). Here, plaintiff has neither alleged an unrelenting campaign of day in, day out harassment, nor harassment accompanied by physical threats. The only factual allegation in the Complaint that refers to either Larson or Connolly's conduct is contained in paragraph 25, which alleges that "Connolly and Larson directed deputies to follow Plaintiff in an effort to find some basis upon which criminal charges could be placed against Plaintiff." See Comp, ¶25. Accordingly, plaintiff has failed to allege that defendants' conduct was motivated by a desire to inflict emotional distress upon plaintiff. See Ashcroft v. Dept. of Corrections, WL 1989265 (W.D.N.Y.2007) (Conclusory allegations in a Complaint that merely state the general legal conclusions necessary to

prevail on the merits and are unsupported by factual averments will not be accepted as true). Thus, defendants' motion to dismiss the Sixth Cause of Action is granted and plaintiff's Complaint is dismissed.[8]

**CONCLUSION**

For the reasons set forth above, I grant the defendants' motions to dismiss[9] and Swinehart's motion for summary judgment.[10] The court finds the following:

(1) Plaintiff's First Cause of Action (asserting a violation of his First Amendment right), Third Cause of Action (Conspiracy in violation of 42 U.S.C. §1985) and Fifth Cause of Action (violation of the Cable Communications Privacy Act) are dismissed with prejudice;[11]

(2) Plaintiff's informal motion to amend the conspiracy claim from U.S.C. §1985 to U.S.C. § 1983 is denied without prejudice;

(3) Larson and Connolly's motions to dismiss plaintiff's abuse of process claim is granted and the Second Cause of Action is dismissed with prejudice as to Connolly and Larson;

---

[8] Defendant Swinehart argues that plaintiff is barred by the one-year statute of limitations since the Complaint alleges that defendants began their campaign of harassment in late 2003. See Swinehart Br. at 13. Plaintiff counter argues by stating that the Complaint alleges a series of retaliatory actions on the part of Seneca County officials against plaintiff, the last of which was the improper service of an eviction petition resulting in a warrant of eviction issued in February 2008. See Pl. Reply. Br. at 3. Plaintiff does not allege the year of the eviction petition in the Complaint. In any event, the statute of limitations argument is moot since the Court has dismissed the Complaint on the basis that plaintiff's claim for intentional infliction of emotional distress cannot survive a Rule 12(b)(6) motion to dismiss on the basis of the averments in the Complaint.

[9] Because Larson's motion to dismiss pursuant to Rule 12(b)(6) is granted, the Court need not consider his other ground to dismiss (i.e. qualified immunity) since it is now moot.

[10] Because Swinehart's motion to dismiss pursuant to Rule 12(b)(6) is granted and his motion for summary judgment is also granted, the Court need not consider his other ground to dismiss (i.e. absolute immunity) since it is now moot.

[11] Defendants Seneca County, Osbourne, Larson, Connolly and Swinehart's motions to dismiss plaintiff's first, third and fifth causes of action are therefore granted.

(4) Swinehart's motion for summary judgment is granted and the Second Cause of Action is dismissed with prejudice as to Swinehart;

(5) Larson, Connolly and Swinehart's motions to dismiss the Sixth Cause of Action are granted and plaintiff's Complaint is dismissed.

(6) The Fourth Cause of Action (violation of the Electronics Communication Privacy Act) is still pending against defendants Fingerlakes1.com and Sinicropi.

**ALL OF THE ABOVE IS SO ORDERED.**

                                              s/Michael A. Telesca
                                                MICHAEL A. TELESCA
                                       United States District Judge

Dated:     Rochester, New York
            August 26, 2009